UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT D. FRAZIER,

                    Plaintiff,

          -vs-                          **No. 6:14-CV-06261 (MAT)**
                                        **DECISION AND ORDER**

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

---

## I.    Introduction

        Proceeding *pro se*, Robert D. Frazier ("plaintiff") brings this
action pursuant to 42 U.S.C. § 1383(c)(3), seeking review of the
final  decision  of  the  Commissioner  of  Social  Security  ("the
Commissioner")  denying  his  request  to  waive  an  overpayment  of
$12,644.66 in supplemental security income ("SSI") benefits, which
payments plaintiff received over the time period from May 1, 1997
through July 1, 2002. The Court has jurisdiction over this matter
pursuant to 42 U.S.C. § 405(g). Presently before the Court are the
parties' cross-motions for judgment on the pleadings[1] pursuant to
Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons
discussed below, the Commissioner's motion is granted.

## II.  Factual Background and Procedural History

        Plaintiff  was  initially  found  eligible  for  SSI  benefits
pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1601
et seq., and received SSI payments from May 1, 1997 through July 1,

---

[1] Plaintiff's "motion to dismiss unfavorable decision" (doc. 8) is
construed as a motion for judgmenton the pleadings pursuant to Rule 12(c).

2002. This action concerns plaintiff's overpayment for SSI benefits during that time period. Ultimately, either while working and receiving wages, or while unemployed and receiving unemployment compensation, plaintiff continued to receive SSI overpayments through July 2002. Plaintiff alleges that he reported his various full-time jobs to the local SSA office by written correspondence, but the record contains no record of such correspondence.

As early as June 14, 1999, the Commissioner sent a billing statement to plaintiff for an overpayment of benefits in the amount of $2,253.64, which the Commissioner demanded be repaid by July 1, 1999. On November 8, 1999, the Commissioner sent a letter to plaintiff informing him of his options to contest the demand for repayment of $7,499.90. The letter stated that the Commissioner had "tried several times to collect this amount, but it has not been repaid." T. 209. Over the years that followed, plaintiff was informed on multiple occasions of his growing liability for overpayment of SSI benefits. See T. 150 (March 28, 2002 letter); 165 (August 14, 2002 letter); 187 (December 5, 2006 letter). As of December 5, 2006, the SSA began withholding $138.00 per month from plaintiff's DIB benefits, which amount would be withheld until such time as the full overpayment balance of $12,772.66 was repaid to the SSA.

On January 18, 2007, plaintiff requested a waiver of the overpayment. The SSA denied that request on June 8, 2007. On

August 13, 2007, plaintiff requested an administrative hearing to resolve the overpayment issue. That hearing was held on February 4, 2009, before Administrative Law Judge ("ALJ") James Dombeck. Plaintiff was represented by counsel at that hearing. On June 12, 2009, ALJ Dombeck issued an unfavorable decision denying plaintiff's request for a waiver of the overpayments. Plaintiff appealed on July 22, 2009, and on March 25, 2011, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings, including a new hearing during which plaintiff could "question the Administration's Technical Expert." T. 247–48. The order directed that "the [ALJ] . . . offer the claimant an opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision." T. 248.

A second hearing, at which plaintiff appeared *pro se*, was held before ALJ David Lewandowski on August 23, 2011.[2] Plaintiff testified at that hearing, as did Jennifer Maston, an SSA operations supervisor ("OS") proficient in SSI. OS Maston testified at length, in response to questions posed by ALJ Lewandowski and plaintiff, regarding plaintiff's SSI overpayments. At the close of the hearing, the ALJ directed OS Maston to produce documentation

---

[2] The Appeals Council originally assigned Chief ALJ Michael Devlin to handle the hearing following remand, but due to a scheduling conflict, ALJ Lewandowski presided over the second hearing.

regarding the time period up through July 2002 indicating what benefits were actually paid and what should have been paid.

A supplemental hearing was held on January 19, 2012, before ALJ Michael Devlin. Plaintiff testified again, as did OS Maston, who was questioned by the ALJ and plaintiff. Following the hearing, ALJ Devlin issued an unfavorable decision on May 25, 2012. Specifically, the ALJ found that plaintiff was not without fault for causing the overpayment, noting that there was "no credible evidence that [plaintiff] ever reported his actual earnings" during the relevant time period. T. 23. The ALJ concluded that plaintiff's argument that "the overpayment was previously repaid by withholding his underpayments . . . [was] at odds with [SSA] records." Id. Plaintiff sought review of ALJ Devlin's decision, which the Appeals Council denied on March 19, 2014. This timely action followed.

## III. Discussion

Recovery of overpayments is governed by 42 U.S.C. § 1383(b)(1), which provides in pertinent part as follows:

> The Commissioner of Social Security (i) shall make such provision as the Commissioner finds appropriate in the case of payment of more than the correct amount of benefits with respect to an individual with a view to avoiding penalizing such individual or his eligible spouse who was *without fault* in connection with the overpayment, if adjustment or recovery on ac-count of such overpayment in such case would defeat the purposes of this subchapter, or be against equity and good conscience[.]

42 U.S.C. § 1383(b)(1)(B) (emphasis added). The regulations provide that recovery of an overpayment is "against equity and good conscience . . . if an individual . . . [c]hanged his or her position for the worse . . . or relinquished a valuable right . . . because of reliance upon a notice that a payment would be made or because of the overpayment itself . . ." 20 C.F.R. § 404.509(a)(1).

"The Secretary's determination of whether these factors have been satisfied may not lightly be overturned." <u>Valente v. Sec'y of Health & Human Servs.</u>, 733 F.2d 1037, 1041 (2d Cir. 1984). The familiar "substantial evidence" standard of review applies to actions brought pursuant to § 1383: "[T]he district court must uphold a decision by the Secretary that a claimant was not without fault if it is supported by substantial evidence in the record as a whole . . . and the Secretary's exercise of her judgment on the basis of such factual determinations is entitled to considerable deference. The court may not substitute its own judgment for that of the Secretary, even if it might justifiably have reached a different result upon de novo review." <u>Id.</u> Finally, "[t]he burden of proof to show that waiver of overpayment should be applied falls on the plaintiff." <u>Sero v. Comm'r of Soc. Sec.</u>, 2014 WL 6606582, *6 (N.D.N.Y. Nov. 19, 2014) (citing <u>Hannon v. Barnhart</u>, 134 F. App'x 485, 487 (2d Cir. 2005)).

Plaintiff contends that he while he collected unemployment benefits, he was "unaware" of his entitlement to SSI benefits.

Doc. 1 at 1. He alleges that he received a back payment of DIB benefits, totaling $3,495.00, in "early 2003." Id. at 1-2. He states that this amount "was considerably less than the original amount due," and he interpreted the payment as satisfaction of his SSI overpayment. Id. at 2 (stating that upon receiving the payment of $3,495, plaintiff "was relieved that the SSI payment was finally satisfied."). Plaintiff's motion "question[s] the existence of an overpayment[,] not whether it should be waived or not." Doc. 8 at 4. The Commissioner responds that substantial evidence supports the ALJ's findings that (1) an overpayment existed; and (2) plaintiff was not without fault in connection with the overpayments. For the reasons that follow, the Court agrees.

First, the ALJ's conclusion that an overpayment existed is supported by substantial evidence in the record. As OS Mastin noted, plaintiff's failure to report income resulted in an overpayment of benefits over several years. The SSA was made aware of plaintiff's wages during SSI recertification proceedings, not by plaintiff's timely informing the SSA of the earnings. At the January 19, 2012 hearing held before ALJ Devlin, OS Maston explained, with reference to the record, that the amount of the overpayment totaled $12,644.66. That number represented the original overpayment of $14,032.43, less $1,387.77, the amount the SSA had already recovered. See T. 347, 350-51. The evidence does not establish that the overpayment was paid and satisfied as of

early 2003 as plaintiff argues; to the contrary, as OS Maston explained in her testimony, the SSA's records fully support its conclusion that plaintiff's overpayment balance totaled $12,644.66.

Second, the ALJ's decision that plaintiff was not without fault in connection with the overpayment is likewise supported by substantial evidence. The plaintiff's failure to report wages to the SSA effectively resulted in the overpayments. As the ALJ found, there simply is no evidence in the record supporting plaintiff's contention that he kept the SSA informed of his earnings, nor is there evidence in the record supporting plaintiff's belief that his overpayment was effectively settled as of early 2003. Thus, the ALJ correctly concluded that plaintiff was not without fault. See, e.g., Center v. Schweiker, 704 F.2d 678, 680 (2d Cir. 1983) ("No showing of bad faith is required; rather, an honest mistake may be sufficient to constitute fault[; moreover, t]he fact that the SSA may have been at fault in making the overpayment does not relieve the recipient from liability if the recipient was also at fault.").

The Court notes petitioner's argument that OS Maston was not an "Administrative Technical Expert" and therefore her testimony did not satisfy the Appeals Council's March 25, 2011 order. As the Commissioner points out, however, OS Mastin testified that she was proficient in SSI matters, including overpayment issues, and that she had researched the circumstances of plaintiff's case in order to testify as to the application of SSI procedure to the facts of

the matter. As such, OS Maston constituted an administrative technical expert sufficient to satisfy the Appeals Council's instructions on remand.

## IV. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 8) is denied and the Commissioner's motion (Doc. 14) is granted. The ALJ's finding that plaintiff was not without fault in connection with SSI overpayment is supported by substantial evidence, and accordingly, the Complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:    June 6, 2017
          Rochester, New York.